UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE MEDINA,<br><br>        Plaintiff,<br><br>   v.<br><br>CUMBERLAND COUNTY, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-905 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

FOLKMAN LAW OFFICES, P.C.
By: Lisa R. Marone, Esq.
1415 Route 70 East, Suite 407
Cherry Hill, New Jersey 08034
    Counsel for Plaintiff

LONG MARMERO & ASSOCIATES, LLP
By: Douglas M. Long, Esq.
44 Euclid Street
Woodbury, New Jersey 08096
    Counsel for Cumberland County Department of Corrections

KAVANAGH, KAVANAGH & DILAZZERO, LLC
By: Brendan J. Kavanagh, Esq.
219 N. High Street, Suite A
P.O. Box 728
Millville, New Jersey 08332
    Counsel for Cumberland County

JASINSKI, P.C.
By: John C. Hegarty, Esq.
Bayport One
8025 Black Horse Pike
Suite 470
West Atlantic City, New Jersey 08232
    Counsel for Cumberland County Sheriff's Department


**IRENAS**, Senior District Judge:

    Plaintiff Marie Medina initiated this action against

1

Cumberland County (the "County"), Cumberland County Department of Corrections ("DOC"), Cumberland County Sheriff's Department ("Sheriff's Department") and Sergey Udalovas.  The Complaint alleges civil rights violations under federal and state law and various common law claims arising out of alleged sexual assaults that took place at the Cumberland County Jail (the "Jail") between May and July 2009.[1]  Pending before the Court are Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by DOC and the Sheriff's Department.[2]

**I.**

Plaintiff visited the Jail between May 2009 and July 2009 for the purpose of visiting her boyfriend.  (Compl. ¶ 9.)  During that time, Plaintiff alleges that she was sexually assaulted by Sergey Udalovas.  (*Id.* ¶ 10.)  According to Plaintiff, Udalovas, while

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

[2] In addition, the County, which answered the Complaint on March 2, 2011, filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) on March 17, 2011.  Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

Here, the pleadings are not closed, as the County is the only one of the four Defendants to have filed an answer.  In fact, at the time the County filed its Motion for Judgment on the Pleadings, Defendant Udalovas had not yet been served with the Complaint.  (*See* 11-cv-905, Dkt. Nos. 20, 23.)  Because the County's Motion for Judgment on the Pleadings is premature, the Motion will be denied without prejudice, allowing the County to refile once the pleading stage of this litigation has concluded.

wearing a correction officer's uniform and with all of his weapons on his person, forcibly took her into a small room, locked the door and forced her to engage in sexual acts with him.  (*Id.* ¶¶ 12-13, 18.)

Udalovas allegedly made threats against Plaintiff, her children and her inmate-boyfriend to intimidate, harass and coerce Plaintiff into the sexual acts.  (*Id.* ¶¶ 14-17, 20.)  Plaintiff alleges that the sexual assault took place at the Jail while others looked on and did nothing.[3]  (*Id.* ¶ 25.)  According to Plaintiff, Udalovas had a reputation as a "sex fiend" in the workplace. Plaintiff further alleges that Defendants knew or should have known that Udalovas posed a danger to female visitors and they failed to protect Plaintiff from this danger.  (*Id.* ¶¶ 26-28.)

As a result of Plaintiff's cooperation with the prosecutor's office, Udalovas was arrested and charged with official misconduct and aggravated sexual assault.  (*Id.* ¶ 22.)

On February 17, 2011, Plaintiff filed a Complaint in this Court alleging civil rights violations under state and federal law and various common law claims.[4]  On March 7, 2011, DOC moved to

---

[3]  While the Complaint alleges generally that Plaintiff was sexually assaulted by Udalovas "[d]uring the months of May 2009 through July 2009" (Compl. ¶ 10), the specific facts alleged appear to detail one particular instance of sexual assault.  (*See id.* ¶¶ 11-25.)

[4]  The Complaint also assert a punitive damages claim against all Defendants.  However, Plaintiff concedes that punitive damages are available only as to Defendant Udalovas and

dismiss the federal claims. On March 25, 2011, the Sheriff's Department filed a motion to dismiss the federal claims.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

---

voluntarily dismisses her punitive damages claims against the County, the DOC and the Sheriff's Department. (*See* Pl's Opp. to Sheriff's Motion to Dismiss at 15.)

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Count One of Plaintiff's Complaint asserts federal civil rights violations pursuant to 42 U.S.C. § 1985 and § 1983 against all Defendants.[5] DOC and the Sheriff's Department move to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1985, while the Sheriff's Department also moves to dismiss Plaintiff's claims pursuant to § 1983.

The law is well settled that § 1983 claims may only be brought against "persons."[6] *See, e.g., Will v. Michigan Dep't of State*

---

[5] Although the Complaint does not specify the provision of § 1985 under which Plaintiff seeks redress, Plaintiff makes clear in her Oppositions to the Motions to Dismiss that her claim is under § 1985(3), which prohibits "two or more persons" from conspiring "for the purpose of depriving, either directly or indirectly, any person or class or persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3).

[6] Section 1983 provides:
   Every person who, under color of any statute,
   ordinance, regulation, custom, or usage, of
   any State or Territory or the District of

*Police*, 491 U.S. 58 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Although local government units and municipalities are "persons" within the meaning of § 1983 and § 1985,[7] sheriff's departments and corrections departments are not separate legal entities from the County, and therefore cannot be independently sued for violations of § 1983 and § 1985.[8]  *See McLaughlin v. Cnty. of Gloucester*, 2008 WL 700125, *2 (D.N.J. March 12, 2008)(dismissing § 1983 claim against sheriff's department because it is a branch of the county); *Ramalho v. Montgomery Cnty.*

---

> Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

   [7] The term "persons" in § 1983 has the same meaning under § 1985.  *See Davis v. Norris*, 198 F.3d 249 (8th Cir. 1999) (affirming lower court's dismissal of claims because State of Missouri and its agencies are not "persons" under either § 1983 or § 1985); *New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, 2010 WL 2674565, at *6 (D.N.J. June 30, 2010)(concluding that persons under § 1983 and § 1985 have the same meaning); *DiBartolo v. City of Philadelphia*, 2000 WL 217746, at *5 (E.D. Pa. 2000)(finding that "persons" has same meaning under both § 1983 and § 1985).

   [8] The Court notes that while neither DOC nor the Sheriff's Department have made this argument, Plaintiff "submits that either the DOC is a person because it is separate and distinct from the County, and Plaintiff's claims are viable; or the DOC is merely a sub-agent of the County with the County being liable for its conduct, in which case Plaintiff would voluntarily dismiss her § 1983 claims against the DOC."  (Pl's Br. in Opp. to DOC's Motion to Dismiss at 17.)

*Corr. Facility*, 2007 WL 1810700, at *1 (D.N.J. June 21, 2007)(dismissing claims against Montgomery County Correctional Facility because not a person amenable to suit under § 1983); *Crooks v. Passaic Cnty. Sheriff's Dep't/Jail*, 2007 WL 923330, at *2 (D.N.J. March 26, 2007)(dismissing § 1983 claim against sheriff's department/jail because not a proper defendant under the statute); *Open Inns, Ltd. v. Chester Cnty. Sheriff Dep't*, 24 F.Supp. 2d 410, 417 n.13 (E.D. Pa. 1998)(dismissing § 1983 claims against sheriff's department because it is a sub-unit of county); *Grabow v. Southern State Corr. Facility*, 726 F.Supp 537, 538-39 (D.N.J. 1989)(finding that New Jersey Department of Corrections is an arm of the state, which is not a person under § 1983); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (municipalities and police departments are treated as a single entity under § 1983).[9]

As noted *supra*, Plaintiff has named the County, DOC, and the Sheriff's Department as defendants in the instant action and has

---

[9] Other circuits have also held that county corrections departments and sheriff's departments are not separate legal entities amenable to suit under § 1983. *See, e.g., Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(finding that dismissal of § 1983 claims against county jail was proper because "a detention facility is not a person or legally created entity capable of being sued"); *Preval v. Reno*, 2000 WL 20591, at *1 (4th Cir. January 13, 2000)(affirming dismissal of claims against regional jail because not a person amenable to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)(upholding dismissal of § 1983 against sheriff's department because not a legal entity subject to suit or liability under § 1983).

asserted all federal and state law claims against each of them. However, because the Sheriff's Department and DOC are sub-units of the County, they cannot be sued as separate individual entities under § 1983 or § 1985. For the same reason, Plaintiff cannot maintain state common law or state civil rights claims against the DOC or the Sheriff's Department separately from the County. *See Jordan v. Cicchi*, 2009 WL 1704330, at *5 (D.N.J. June 18, 2009)(dismissing all claims against county correction center because not a suable entity separate from the county); *Harris ex rel. Litz v. Lehigh Cnty. Office of Children & Youth Servs.*, 418 F.Supp. 2d 643, 645 n.1 (dismissing county office of children and youth services as a defendant because not a legal entity separate from the county).

Accordingly, all of Plaintiff's claims against the Sheriff's Department and DOC are dismissed with prejudice.

### IV.

For the reasons stated above, DOC's and the Sheriff's Department's Motions to Dismiss will be granted. Defendant Cumberland County's Motion for Judgment on the Pleadings will be denied without prejudice. An appropriate Order accompanies this Opinion.

Dated: May 3, 2011

                                        s/Joseph E. Irenas
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**